UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0457 (RDM) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 56, Defendant United States Department of Homeland Security ("Defendant") respectfully move to dismiss this case or, in the alternative, for summary judgment. As set forth in the accompanying memorandum of points and authorities, Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff") failed to submit a request to Defendant under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that "reasonably describes" the records sought and failed to exhaust its administrative remedies, and therefore Plaintiff fails to plausibly allege a violation of FOIA. A proposed order is attached.

\*       \*       \*

Dated: April 6, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 22-0457 (RDM) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, <u>MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ i

Table of Authorities .......................................................................................................... ii

Introduction ...................................................................................................................... 1

Background ....................................................................................................................... 1

Legal Standards ................................................................................................................ 3

Argument .......................................................................................................................... 5

    I.   Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Because
        Plaintiff's FOIA Requests Failed to Reasonably Describe the Records Sought. ............... 5

        A.   The Meaning of the Term "Reasonably Desribes" As Used In FOIA ...................... 5

        B.   Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the
           Records Sought ....................................................................................................... 7

    II.  Plaintiff Failed to Exhaust Its Administrative Remedies under FOIA Because Plaintiff's
        FOIA Request Fails to Comply with Department Regulations. ...................................... 12

Conclusion ....................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

*Acosta v. FBI*,
Civ. A. No. 12-1578 (JEB), 2013 WL 1633068 (D.D.C. 2013) ................................................13

*Am. Fed. Gov't Emps., Local 2782 v. Dep't of Commerce*,
632 F. Supp. 1272 (D.D.C. 1986) ........................................................................................10

*Amadis v. Dep't of State*,
No. 07-5435, 2008 WL 2519908 (S.D.N.Y. June 19, 2008) ........................................................12

*Amnesty Int'l v. CIA*,
177 F. Supp. 3d 450 (D.D.C. 2016) .................................................................................. 11-12

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ........................................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................................3

*Bonner v. Soc. Sec. Admin.*,
74 F. Supp. 2d 136 (D.D.C. 2008) .................................................................................. 12-13

*Borden v. FBI*,
No. 94-1029, 1994 U.S. App. LEXIS 16157 (1st Cir. 1994)........................................................7

*Bristol-Myers Co. v. FTC*,
424 F.2d 935 (D.C. Cir. 1970) ............................................................................................6

*Cause of Action Inst. v. IRS*,
390 F. Supp. 3d 84 (D.D.C. 2019) ........................................................................................5

*Celotex Corp. v. Catret*,
477 U.S. 317 (1986)........................................................................................................4

*Chiquita Brands Int'l, Inc. v. SEC*,
806 F.3d 289 (D.C. Cir. 2015) ............................................................................................7

*Citizens for Responsibility and Ethics in Wash. v. FEC*,
711 F.3d 180 (D.C. Cir. 2013)............................................................................................5

*Cole v. Dep't of Just.*,
905 F. Supp. 2d 293(D.D.C. 2012) ................................................................13

*Dale v. IRS*,
238 F. Supp. 2d 99 (D.D.C. 2002) ...........................................................7, 13

*Evans v. BOP*,
951 F.3d 578 (D.C. Cir. 2020) ....................................................................5

*FCC v. AT&T Inc.*,
562 U.S. 397 (2011) ....................................................................................7

*Flowers v. IRS*,
307 F. Supp. 2d 60 (D.D.C. 2004) ..............................................................13

*Freedom Watch v. Department of States*,
925 F. Supp.2d 55 (D.D.C. 2013) .................................................................8

*Hidalgo v. FBI*,
344 F.3d 1256 (D.C. Cir. 2003) ..................................................................13

*Irons v. Schuyler*,
465 F.2d 608 (D.C. Cir. 1972) ......................................................................6

*Ivey v. Snow*,
Civ. A. No. 05-1095, 2006 WL 2051339 (D.D.C. July 20, 2006) ................13

*Judicial Watch, Inc. v. Export-Import Bank*,
108 F. Supp. 2d 19 (D.D.C. 2000) ...............................................................8

*Jud. Watch, Inc. v. Dep't of State*,
177 F. Supp. 3d 450, 455-56 (D.D.C. 2016) ......................................... 11-12

*Krohn v. Dep't of Justice*,
628 F.2d 195 (D.C. Cir. 1980) ......................................................................7

*Marks v. U.S. Dep't of Justice*,
578 F.2d 261 (9th Cir. 1978) ........................................................................8

*Marshall Cnty. Health Care Auth. v. Shalala*,
988 F.2d 122 (D.C. Cir .1993) ......................................................................8

*Mason v. Callaway*,
554 F.2d 129 (4th Cir. 1977) ........................................................................8

*Massachusetts v. Dep't of Health & Human Servs.*,

727 F. Supp. 35 (D. Mass. 1989) ..................................................................................9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) ......................................................................................................4

*McKinley v. FDIC*,
807 F. Supp. 2d 1 (D.D.C. 2011) ..............................................................................10

*Miller v. Casey*,
730 F.2d 773, 777 (D.C. Cir. 1984) ..........................................................................11

*Nat'l Sec. Counselors v. CIA*,
898 F. Supp. 2d 233 (D.D.C. 2012)) ...........................................................................8

*Oglesby v. Dep't of Army*,
920 F.2d 57, 61-62 (D.C. Cir. 1990) ..................................................................... 12-13

*Papasan v. Allain*,
478 U.S. 265 (1986) ......................................................................................................3

*Rhodes v. FBI*,
Civ. A. No. 2:16-93, 2017 U.S. Dist. LEXIS 37464 (N.D. Ind. Mar. 16, 2017) ...........8

*Roman v. CIA*,
Civ. A. No. 11-5944, 2013 U.S. Dist. 7837 (N.D.N.Y. Jan. 18, 2013) ........................10

*Steinberg v. Dep't of Just.*,
23 F.3d 548 (D.C. Cir. 1994) .......................................................................................4

*Tao v. Free*,
27 F.3d 635 (D.C. Cir. 1994) .......................................................................................4

*Truitt v. Dep't of State*,
897 F.2d 540, 544 (D.C. Cir. 1990) ........................................................................6, 11

*Wilbur v. CIA*,
355 F.3d 675 (D.C. Cir. 2004) ....................................................................................12

## Statutes, Regulations, Rules, and Other Authorities

6 C.F.R. § 5.3 ..................................................................................................5, 12, 14

6 C.F.R. § 5.4 ...............................................................................................................5

5 U.S.C. § 552 ......................................................................................................1, 5, 13

General's Memorandum on the 1974 Amendments to FOIA......................................................6-7

Fed. R. Civ. P.  12 ......................................................................................................................3

Fed. R. Civ. P. 56 ......................................................................................................................4

Freedom of Information Act and Amendments of 1974 (P.L. 93-502),
94th Cong., 1st Sess., 507, 518-19 (Jt. Comm. Print 1975).........................................6

H. Rep. No. 93-876 ...................................................................................................................6

Pub. L. No. 90-23, 81 Stat. 54 (1967)......................................................................................6

S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974) ...............................................................11

**INTRODUCTION**

Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff") instituted this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to force Defendant U.S. Department of Homeland Security (the "Department") to comply with its FOIA request seeking certain records pertaining the Center for Prevention Programs and Partnerships ("CP3"). Plaintiff's FOIA request, however, fails to reasonably describe the records sought, which is a prerequisite to Defendant's duty to act on a FOIA request.  Also, Plaintiff did not comply with Department regulations and therefore failed to exhaust its administrative remedies. Plaintiff's failure to plausibly allege a FOIA violation requires dismissal of its Complaint for failure to state a claim.  Accordingly, the Court should grant Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgement.

**BACKGROUND**

On August 20, 2021, Plaintiff sent Defendant a FOIA request seeking seven categories of records pertaining to CP3 from January 1, 2021, to the present.  *See* ECF No. 1, Compl. ¶ 17; *see also* Ex. A, Plaintiff's FOIA request.  Plaintiff summarizes its request as seeking:

> 1.    All records and communications regarding the origins and creation of CP3, including but not limited to funding and priorities for the Center;

> 2.    Documents sufficient to identify all senior agency leadership involved in creating and running CP3;

> 3.    All records and communications relating to CP3 regarding collaboration with, outreach to, or input from religious or community groups such as the Arab-American Anti-Discrimination Committee, and 1 external entities or private sector partners including but not limited to, corporations, religious groups, technology companies, contractors, airports, civil society, academia, allies, and foreign partners;

> 4.    All records and communications relating to CP3 regarding collaborations or partnerships with federal, state, local, tribal, or territorial law enforcement agencies;

5.      All records and communications relating to the actual or potential impact of CP3 on any racial or religious communities, or individuals affiliated with particular ideologies;

6.      All records and communications referencing the creation of or updates to a compilation of potential indicators of terrorism- or domestic terrorism-related mobilization, including iconography, symbology, phraseology, actions or other appearances, and previous or future Federal Government's Mobilization Indicators booklets; and

7.      All records and communications created or received by CP3 staff and containing the keywords: "Countering Violent Extremism," "CVE," "Targeted Violence and Terrorism Prevention," "TVTP," "Muslim," "Islam," "Mosque," "Masjid," "Jihad," "White Supremacist," "Nationalist," "White Nationalist," "White Supremacy," "Black Lives Matter," "Riot," "Protests," "January 6th," "1/6," "Insurrection," "September 11th," "9/11," "Religion," "Equitable," "Bias," "Disparate impact," "Discriminatory," "Structural racism," "People of color," "Marginalization," "Equitable," "Race," "Racial," "Racist," "IG," or "Inspector General."

*See* Compl. ¶ 17; *see also* Ex. A.  In the request Plaintiff further states,

We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material.  Our request includes without limitation all correspondence, letters, emails, text messages, facsimiles, telephone messages, voice mail messages, and transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request also includes any attachments to emails and other records, as well as those who were cc'ed or bcc'ed on any emails.

*See* Ex. A.

On October 6, 2021, the Department sent Plaintiff an acknowledgement letter, which included a request to Plaintiff to resubmit items 1-6 because they were overbroad and not limited in scope.  *See* Ex. B, acknowledgment letter.  The Department also informed Plaintiff that if it did not hear from them within 30 days from the date of the letter, the Department would assume Plaintiff was no longer interested in the FOIA request, and the case will be administratively closed. *Id.*  On October 12, 2021, the Department sent Plaintiff other notification requesting Plaintiff to narrow the search of item 7 by providing the Department with conjunctive terms for the search.

*See* Ex. C, Action Needed Letter.  The Department explained that the case would be placed on hold until it received clarification from Plaintiff.  *Id.*  To date, Plaintiff has not responded.

On February 22, 2022, Plaintiff filed its complaint against Defendant. Plaintiff alleges that it had not received a response to its request to the Department.  *See* Compl. ¶ 21.  Plaintiff further alleges that the Department "wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for making determination on plaintiff's requires and by withholding from disclosure records response to plaintiff's request."  *Id.* ¶ 25.  Also, among other things, Plaintiff asks this Court to order Defendant "to immediately and fully process plaintiff's August 20, 2021 FOIA request and disclose all non-exempt documents immediately to plaintiff."  *Id*. at Requested Relief.

## LEGAL STANDARDS

### I.    <u>Rule 12(b)(6)</u>

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 678.  However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a Plaintiff's claims for relief.

## II.    Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248.

The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 248. Once the moving party has met its burden, the nonmoving part may not rest upon the mere allegations or denials of his pleading but must instead establish more than "the mere existence of a scintilla of evidence" in support of his position. *Anderson*, 477 U.S. at 252. Thus, summary judgment is due if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.* When determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994).

**ARGUMENT**

**I.      Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Because
Plaintiff's FOIA Requests Failed to Reasonably Describe the Records Sought.**

FOIA states that "each agency, upon any request for records which (1) reasonably describes

such records and (ii) is made in accordance with published rules stating the time, place, fees (if

any), and procedures to be followed, shall make the records promptly available to any person."  5

U.S.C. § 552(a)(3)(A).  As relevant here, the Department regulations also require that it and its

components produce non-exempt records after a requestor reasonably describes the records sought.

6 C.F.R. §§ 5.3(b), 5.4.  Thus, "[b]ecause . . . FOIA permits a court 'to enjoin [an] agency from

withholding agency records and to order the production of any agency records improperly withheld

from the complainant[,]' 5 U.S.C. § 552(a)(4)(B), '[a] FOIA plaintiff states a claim where it

properly alleges that an agency has (1) improperly (2) withheld (3) agency records [.]'" *Cause of

Action Inst. v. IRS*, 390 F. Supp. 3d 84, 92 (D.D.C. 2019).  On the other hand, a plaintiff has failed

to state a FOIA claim where its FOIA request fails to reasonably describe the records sought.  *See

Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A))

("[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request

that 'reasonably describes such records.'"); *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d

180, 185 n.3 (D.C. Cir. 2013) ("duties that FOIA imposes on agencies . . . apply only once an

agency has received a proper FOIA request.").

**A.      The Meaning of the Term "Reasonably Describes" as used in FOIA.**

A brief overview of the history of 5 U.S.C. § 552(a)(3)(A) provides insight on the meaning

of the term "reasonably describes" as used in FOIA.  The counterpart to § 552(a)(3)(A) that existed

in the 1967 enactment of FOIA stated: "Except with respect to the records made available under

paragraphs (1) and (2) of this subsection, each agency, on request for identifiable records made in

accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person."  Pub. L. No. 90-23, 81 Stat. 54 (1967).  The D.C. Circuit explained in *Irons v. Schuyler*, 465 F.2d 608 (D.C. Cir. 1972), that the "identifiable records" requirement "calls for a reasonable description enabling the Government employee to locate the requested records."  *Id*. at 612 (quoting *Bristol-Myers Co. v. FTC*, 424 F.2d 935, 938 (D.C. Cir. 1970)).  Accordingly, it held that a request—for "all unpublished manuscript decisions of the Patent Office, together with such indices as are available"—was not a request for "identifiable records" because "the contours of the records . . . described are so broad in the context of the Patent office files as not to come within a reasonable interpretation of 'identifiable records[.]'"  *Id*. at 610, 613.

Congress inserted the term "reasonably describes" "in 1974 in replacement of the words 'request for identifiable records,' the terminology of Section 3 [of FOIA] as originally enacted in 1967."  *Truitt v. Dep't of State*, 897 F.2d 540, 544 (D.C. Cir. 1990).  The House Judiciary Committee explained that the change in language was "designed to ensure that a requirement for a specific title or file number cannot be the only requirement of an agency for the identification of documents."  H. Rep. No. 93-876 at 125.  "A 'description' of a requested document would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort."  *Id*. at 125-26.

The Attorney General's Memorandum on the 1974 Amendments to FOIA promulgated by Attorney General Edward H. Levi (the "Attorney General's Memorandum") in 1975[1] contains the Executive Branch's contemporaneous interpretation of the 1974 amendments to FOIA, which the

---

[1]    The Attorney General's Memorandum was reprinted in the House Committee on Government Operations and Senate Committee on the Judiciary, *Freedom of Information Act and Amendments of 1974 (P.L. 93-502)*, 94th Cong., 1st Sess., 507, 518-19 (Jt. Comm. Print 1975).

Supreme Court and the D.C. Circuit have viewed as "a reliable guide in interpreting FOIA." *Chiquita Brands Int'l, Inc. v. SEC*, 805 F.3d 289, 295-96 (D.C. Cir. 2015) (quoting *FCC v. AT&T Inc.*, 562 U.S. 397, 409 (2011)).  The Attorney General's Memorandum explains the change from "identifiable" to "reasonably describes" as "serv[ing] basically to clarify rather than to alter the law as it has been understood by several courts and many agencies."  Attorney General's Mem. at 22.  "It is not enough that the request provide enough data to locate the record; it must enable it to be located in a manner which does not involve an unreasonable amount of effort." *Id*. at 23.

In addition, the professional-employee test is an objective test, and courts are equipped to make this determination by resort to the FOIA request alone.  *See Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002) (noting that document request was deficient "on its face").  In other words, agencies need not introduce evidence showing that, based on a particular document request, *their* professionals are incapable of locating the requested records with a reasonable amount of effort. *See Borden v. FBI*, No. 94-1029, 1994 U.S. App. LEXIS 16157, at *1-2 (1st Cir. 1994) (per curiam) ("[T]he request which plaintiff allegedly presented . . . does not reasonably describe the records sought. Since the complaint shows on its face that the plaintiff did not present a proper request, we need not consider defendant's remaining arguments." (citations omitted)).

### B.    Plaintiff's FOIA Request is Too Vague and Overbroad to Reasonably Describe the Records Sought.

Plaintiff's FOIA request is vague and overboard because Plaintiff fails to specifically identify the records it is seeking.  *See generally* Ex. A.  A vague request is impermissible. *See*, *e.g.*, *Krohn v. Dep't of Just.*, 628 F.2d 195, 198 (D.C. Cir. 1980) (holding that the request was "fatally flawed by lack of a reasonable description" because the request was "too vague" as it would require "the agency to review the entire record of 'each and every . . . criminal case' in order to determine whether it contains any evidence of the data, information or statistics that appellant

requests"); *Rhodes v. FBI*, Civ. A. No. 16-0093, 2017 U.S. Dist. LEXIS 37464, at *8 (N.D. Ind. Mar. 16, 2017) (citing *Marks v. Dep't of Just.*, 578 F.2d 261, 263 (9th Cir. 1978)); *Mason v. Callaway*, 554 F.2d 129, 131 (4th Cir. 1977)) ("Courts have held that vague, unspecified requests are not proper and need not trigger mandatory agency disclosure."); *Jud. Watch*, *Inc. v. Exp.-Imp. Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) ("it is the requester's responsibility to frame requests with sufficient particularity[.]").[2]

Also, in terms of overboard, the Court's decision in *Freedom Watch v. Department of State*, 925 F. Supp. 2d 55 (D.D.C. 2013) is instructive. In that case, the plaintiff sent the defendant agencies a FOIA request it claims was for "information about waivers the Department of State may have granted to citizens, corporations, or other countries to trade with Iran despite very tough sanctions against that country to prevent its development of nuclear missiles." *Id*. at 57. The plaintiff set forth "a list of 63 categories of records . . . ranging from '(1) [i]nternational sanctions (diplomatic, economic, military, or otherwise) created and/or signed into law by the United States, . . . or the European Union against the country of Iran,' to (63) '[a]ny and all enumerated documents and things which discuss Iran in the context of American politics and/or elections from 1992 to the present." *Id*. Each category "requested 'all' records that 'refer or relate' to that category." *Id*. The defendant agencies moved to dismiss "because the FOIA requests, all identical, were not valid in the first place." *Id*. at 60. The defendant agencies maintained that "the FOIA requests . . . did not reasonably describe the records sought and [did] not comply with

---

[2]        *See Nat'l Sec. Counselors v. CIA*, 898 F. Supp. 2d 233, 274 (D.D.C. 2012) (quoting *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993)) (determining that "[w]hether or not the CIA's interpretation of the term 'reasonably describes' in the FOIA is inconsistent with the FOIA is a purely legal question of statutory interpretation: and that "'because a court can fully resolve any purely legal questions on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage'").

agency regulations," but rather "were 'an all-encompassing fishing expedition . . . at taxpayer expense.'" *Id*. at 60-61.  The Court agreed.  *Id*. at 61.

The Court reasoned that "[t]he requests failed to identify the documents sought with any modicum of specificity and were thus fatally overbroad and burdensome."  *Id*.  "[S]ince the requests asked for 'all' records that 'relate to' each subject area, . . . they were inevitably 'subject to criticism as overbroad since life, like law, is a seamless web, and all documents relate to all others in some remote fashion.'"  *Id*. (quoting *Massachusetts v. Dep't of Health & Human Servs*., 727 F. Supp. 35, 36 n.2 (D. Mass. 1989)).  For instance, category 33 "sought 'all' records that 'refer or relate to . . . [a]ny and all communications to or from President Obama, his administration, or the White House in general regarding China.'"  *Id*.  That category, however, "did not in any way limit the scope of [President Obama's] administration[] or 'the White House in general' to those persons, for instance, which might have had something to do with China or the waivers of Iran sanctions with which [the plaintiff said] it [was] concerned."  *Id*.  As another example, the Court referenced categories six through eight of the request, which "sought 'all' records that 'refer or relate to' '[w]aivers or other exceptions to international sanctions granted to any country that has relations with' China, Venezuela, or Russia."  *Id*. at 62.  "There were also requests for 'all' records that 'refer or relate to' dissolution of sanctions against Iran, China, Venezuela and Russia; the breadth of 'refer or relate to' in this request would not even require actual dissolution of sanctions to require searches by Defendant Agencies—and possible production of records. Instead, they would require search and production if dissolution were ever, even vaguely, mentioned."  *Id*.

Similar to *Freedom Watch*, Plaintiff's FOIA request is "an all-encompassing fishing expedition."   For example, Plaintiff requests, in item 1, "[a]ll records and communications

regarding the origins and creation of CP3, including but not limited to funding and priorities for the Center" and also requests, in item 4, "[a]ll records and communications relating to CP3 regarding collaborations or partnerships with federal, state, local, tribal, or territorial law enforcement agencies." *See* Ex. A.  Further, Plaintiff states "We seek records of any kind, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical material.  Our request includes without limitation all correspondence... Our request also includes any attachments to emails and other records[.]" *See id.*  Plaintiff fails to include specific information about each record sought, such as the date, title or name, author, and recipients, or the Department component or office who created and/or controls the record.

Plaintiff's description of the records requested does not permit the Department to locate responsive records with a reasonable amount of effort because as phrased the requests covers all records of any kind and communications to, from, and between any and all Defendant's employees, and even those outside of the Department, that are even remotely related to the seven categories Plaintiff provides.  The language in Plaintiff's FOIA request "is analogous to requests for records that relate 'in any way' to a person or event, which courts have repeatedly found to be overly broad and unreasonable." *McKinley v. FDIC*, 807 F. Supp. 2d 1, 7 (D.D.C. 2011) (citing cases).  Such "[b]road, sweeping requests lacking specificity are not permissible." *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 632 F. Supp. 1272, 1277-78 (D.D.C. 1986); *see also Roman v. CIA*, Civ. A. No. 11-5944, 2013 U.S. Dist. 7837, at *18 (N.D.N.Y. Jan. 18, 2013) (finding "Plaintiff's request for 'all files and/or reports' on 'Arch of the Covenant,' and 'military or non-military reports of angels and persons dressed in white' are not specific enough for an employee of the agency to find all files regarding this information with a 'reasonable amount of effort.'") (citing *Dale*, 238 F. Supp. 2d 105).

As explained, Congress inserted the term "reasonably describes" in Section 3 of FOIA "in 1974 in replacement of the words 'request for identifiable records,' the terminology of Section 3of FOIA as originally enacted in 1967." *Truitt,* 897 F.2d at 544. The Senate Judiciary Committee Report explained that "the committee [did] not intend by this change to authorize broad categorical requests where it is impossible for the agency to reasonably determine what is sought[.]" *Id*. at 545 (quoting S. Rep. No. 93-854, 93d Cong., 2d Sess. 10 (1974)). That is the case here where the plain language of Plaintiff's FOIA request seeks documents generated by any of Defendant's employees or departments if the document falls into one of the overly broad seven categories referenced by Plaintiff in its FOIA request. *See Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (quoting *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984) ("Agencies must read FOIA request 'as drafted.'"). Ultimately, FOIA does not require an agency to engage in such "an all-encompassing fishing expedition . . ., at taxpayer expense." *Dale*, 238 F. Supp. 2d at 105.

Further, some of the items listed in Plaintiff's FOIA request are questions posed as a request for records. For example, item 2 says "[d]ocuments sufficient to identify all senior agency leadership involved in creating and running CP3" which is really a question that asks "what senior agency leadership was in involved in creating and running CP3?" Also, the request in item 5 states "[a]ll records and communications relating to the actual or potential impact of CP3 on any racial or religious communities, or individuals affiliated with particular ideologies" which is really asking the Department to identify or form an opinion on "what actual or potential impact CP3 had on racial or religious communities, or individuals affiliated with particular ideologies." A question is not a request for records under FOIA and an agency has no duty to answer a question posed as a FOIA request. *See, e.g., Jud. Watch, Inc. v. Dep't of State*, 177 F.

Supp. 3d 450, 455-56 (D.D.C. 2016) (Defendant is not obligated to answer the Plaintiff's question posed as FOIA request); *see also Amnesty Int'l v. CIA*, No. 07-5435, 2008 WL 2519908, at *12-13 (S.D.N.Y. June 19, 2008) (agency had no duty to compile a list of persons it deemed subject to secret detention in response to request for records relating to such persons). "FOIA is a mechanism to obtain access to records, not answers to questions." *Amnesty Int'l*, 2008 WL 2519908, at *12-13.

Accordingly, Defendant's motion should be granted because Plaintiff fails to reasonably describe the records sought in its FOIA request.[3]

## II.    Plaintiff Failed to Exhaust Its Administrative Remedies under FOIA Because Plaintiff's FOIA Request Fails to Comply with Department Regulations.

Prior to seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted).  As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61.  Generally, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review. *Bonner v. Soc. Sec. Admin.*, 574 F.

---

[3]    Defendant notes that consistent with 6 C.F.R. § 5.3(b), by letter dated October 6, 2021, the Department informed Plaintiff that its request failed to reasonably describe the records sought in terms of items 1-6 and offered Plaintiff the opportunity to resubmit a request within 30 days of the Department's letter.  *See* Ex. B.  Also, by email dated October 12, 2021, the Department requested that Plaintiff narrow the search in terms of item 7.  *See* Ex. C.  To date, the Department has not received response.

Supp. 2d 136, 138-39 (D.D.C. 2008) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258, 1260 (D.C. Cir. 2003)) (remanding for dismissal for failure to state a claim upon which relief may be granted); *accord Ivey v. Paulson*, 227 F. App'x 1 (D.C. Cir. 2007); *see also Acosta v. FBI*, Civ. A. No. 12-1578 (JEB), 2013 WL 1633068, at *2 (D.D.C. 2013) (quoting *Oglesby*, 920 F.2d at 61) ("Exhaustion is required so 'the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'").  In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff to prevail.

When a FOIA plaintiff attempts to obtain judicial review without first fully and timely exhausting available administrative remedies, summary judgment may be granted for the agency Defendant.  *See Bonner*, 574 F. Supp. 2d at 140 (holding that where "there is no genuine dispute that plaintiff did not exhaust his administrative remedies . . . prior to filing [a] lawsuit, [the agency is] entitled to judgment as a matter of law"); *cf. Cole v. Dep't of Just.*, 905 F. Supp. 2d 293, 296-97 (D.D.C. 2012).  A requester must comply with an agency's published regulations for filing a proper FOIA request.  5 U.S.C. § 552(a)(3)(A).  The failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust.  *Ivey v. Snow*, Civ. A. No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006); *Flowers v. IRS*, 307 F. Supp. 2d 60, 68 (D.D.C. 2004); *Dale*, 238 F. Supp. 2d at 103.

As noted, the Department has regulations pertaining to it and its components that incorporate FOIA's reasonably describes requirement.  *See* 6 C.F.R. § 5.3(b).  Department regulations further explain that "a reasonable description contains sufficient information to permit an organized, non-random search for the record based on the component's filing arrangements and existing retrieval systems."  *Id*.  In this case, the Department notified Plaintiff that its FOIA request

did not comply with 6 C.F.R. § 5.3(b) because Plaintiff failed to reasonably describe the records it sought. *See* Exs. B, C. The scope of Plaintiff's request would require Defendant to engage in a random search for records based on its breadth as discussed above. Plaintiff failed to respond to the Department's request to narrow its FOIA request. Thus, Plaintiff failed to exhaust its administrative remedies by perfecting its request, and Defendant's motion should be granted.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss and enter judgment in its favor.

Dated: April 6, 2022                    Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar # 481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Acting Chief, Civil Division

                                        */s/ Stephanie R. Johnson*
                                        STEPHANIE R. JOHNSON
                                        D.C. Bar # 1632338
                                        Assistant United States Attorney
                                        Civil Division
                                        555 4th Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 252-7874
                                        Stephanie.Johnson5@usdoj.gov

                                        *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,   )<br><br>Plaintiff,   )<br><br>v.   )<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,   )<br><br>Defendant.   ) | Civil Action No. 22-0457 (RDM) |

**[PROPOSED] ORDER**

Upon consideration of Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment and the entire record herein, it is hereby

ORDERED that the Defendant's Motion is GRANTED; and it is further

ORDERED that this action is DISMISSED.

SO ORDERED.

_____
Date

_____
RANDOLPH D. MOSS
United States District Judge