UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | Civil Action No. 22-0457 (RDM) |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

<br>

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

May 10, 2022                        *Attorneys for Defendant*

Defendant United States Department of Homeland Security ("Defendant" or the "Department") established in its motion to dismiss (ECF No. 7) that a plaintiff must reasonably describe the records it seeks under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, prior to bringing a FOIA case in federal court. Plaintiff Citizens for Responsibility and Ethics in Washington ("Plaintiff") failed to do so, requiring dismissal of its complaint. As discussed more fully below, Plaintiff's opposition provides no basis to conclude otherwise and thus Defendant's motion should be granted.

## ARGUMENT

I. **FOIA Does Not Require Agencies to Respond to FOIA Requests that Fail to Reasonably Describe the Records Sought.**

In its opposition, Plaintiff argues that it need not address Defendant's arguments relating to Plaintiff's failure to reasonably describe the records because Defendant's motion is not properly before the Court. *See* ECF No. 8, Pl.'s Opp. at 8 n. 8. Plaintiff is incorrect. In considering a motion to dismiss, the Court must look to the complaint in question to discern whether it states a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff alleges in its complaint, and opposition, that Defendant violated FOIA by not responding to its FOIA request within 20 days and by improperly withholding agency records. *See* ECF No. 1, Compl. ¶¶ 21, 24-25; *see also* Pl.'s Opp. at 6. On that basis, Plaintiff asks that the Court order Defendant to conduct a search and produce responsive records. *Id*. at Prayer for Relief. But "the duties that FOIA imposes on agencies—including the requirement that an agency make a 'determination' within 20 working days, or 30 working days in 'unusual circumstances'—apply only once an agency has received a proper FOIA request," which "must 'reasonably describe[]' the records sought and must comply with the agency's published procedures[.]" *See Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 185 n. 3 (D.C. Cir. 2013)). Accordingly, whether

Plaintiff's FOIA request reasonably describes the records sought is pertinent because there can be no violation of FOIA in the absence of a request that fails to reasonably describe the records sought. So, contrary to Plaintiff's assertions, Defendant's challenge to the contents of the FOIA request itself is properly in front of the Court.

Plaintiff also incorrectly argues that dismissal is improper because the Department failed to advise Plaintiff of the alleged deficiencies and failed to provide Plaintiff with any appeal rights. *See* Pl.'s Opp. at 6-7.  As Plaintiff noted, *see id.* at 6, 6 C.F.R. § 5.3(b) says DHS *should* inform the requester, not *shall* inform the requester what additional information is needed.  Also, 6 C.F.R. § 5.3(b) further says "[i]f a request does not adequately describe the records sought, DHS *may* at its discretion either administratively close the request or seek additional information from the requester."  The Department is not required by either the FOIA statute or the agency's regulations to inform Plaintiff of the deficiencies.  Nevertheless, the Department attempted to inform Plaintiff of the defective FOIA request (*see* ECF Nos. 7-2, 7-3) using the email address provided by the requester, *see* Ex. A, Requester Form (the form the requester, Hajar Hammado, filled out and submitted to the Department listing email as hihammado@gmail.com).

The onus to submit a proper FOIA request with all pertinent information, including contact information, should be placed upon the requester and the Department should not be responsible for communicating with persons other than the FOIA requesters because of the volume of FOIA requests received annually and the need for administrative efficiency and convenience.  *Cf. Clemente v. FBI*, 867 F.3d 111, 119 (D.C. Cir. 2017) (FOIA regulations must be reasonable). Because the agency communicated with the requester (from whom no evidence is before the Court suggesting any failure to receive communications) acting on behalf of Plaintiff or as its agent about the agency's view that the request did not reasonably describe the records being sought, Defendant

did comply with its regulations and Defendant's communications prior to the filing of this lawsuit triggered an exhaustion requirement. *See*, *e.g.*, *Oglesby v. Dep't of Army*, 920 F.2d 57, 65 (D.C. Cir. 1990) (exhaustion provisions "require[e] the completion of the administrative appeal process before courts become involved, if the agency has responded to the request before suit is filed"). Plaintiff should not be permitted to submit the defective request dated August 20, 2021, circumvent the administrative process stage, and then run to court, complaining that a violation has occurred.

Further, to the extent that judicial review is available now notwithstanding Plaintiff's non-exhaustion, "FOIA grants courts jurisdiction only to 'enjoin [an] agency from *withholding* records and to order the production of any agency records *improperly withheld*.'" *Shapiro v. Dep't of Just.*, Civ. A. No. 12-0313 (BAH), 2020 U.S. Dist. LEXIS 115871, at *45 (D.D.C. July 2, 2020) (quoting 5 U.S.C. § 552(a)(4)(B)) (emphasis in *Shapiro*). And, as noted, a proper FOIA request is a condition precedent to a claim that the government improperly withheld records. "Two requirements must be met in order for a FOIA request to be proper: (1) the request must reasonably describe the records sought, and (2) it must be made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." *Landmark Legal Found. v. Dep't of Labor*, 278 F. Supp. 3d 420, 430 (D.D.C. 2017) (quoting *Freedom Watch, Inc. v. CIA*, 895 F. Supp. 2d 221, 228 (D.D.C. 2012)) (other citation and internal quotation marks omitted). "Omitting one of the two threshold requirements for a proper FOIA request . . . warrants dismissal." *Landmark Legal Found.*, 278 F. Supp. 3d at 430. Thus, "[b]ecause [P]laintiff failed to submit a proper FOIA request, no improper withholding has occurred regarding the subject request," *Ruston v. Fed. Bureau of Prisons*, Civ. A. No. 10-0917 (ESH), 2010 U.S. Dist. LEXIS 56877 at *1-3 (D.D.C. May 21, 2010), and Plaintiff's case should be dismissed. *See Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 58-59, 62-63 (D.D.C. 2013) (finding, contrary to Plaintiff's suggestion,

3

*see* Pl.'s Opp. at 6-7, that dismissal of the plaintiff's FOIA request for failure to reasonably describe the records requested was warranted even though all defendants did not respond to the plaintiff's request prior to the plaintiff filing suit).

## II. **Defendant's Motion Does Not Violate the Court's Standing Order.**

Plaintiff argues in its opposition that Defendant violated this Court's Standing Order and argues that such violation should result in the denial of Defendant's motion to dismiss or, in the alternative, for summary judgment. *See* Pl.'s Opp. at 7-8. Plaintiff is incorrect.

Plaintiff completely ignores the fact that Defendant moved to dismiss the complaint for a failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). For a motion to dismiss, the Court's Standing Order does not require a party to confer with the opposing party, request that the Court schedule a pre-motion conference, or the Defendant to provide a search declarations and *Vaughn* indices. As Defendant has demonstrated in its motion to dismiss, and above, Plaintiff failed to reasonably describe the records it seeks under FOIA and comply with the Department's regulations and therefore Plaintiff's Complaint should be dismissed.

Although Defendant moved in the alternative for summary judgment, the Court need not convert Defendant's motion to dismiss to a motion for summary judgment. The Court's Standing Order states "[t]he parties are reminded that a motion to dismiss presenting matters outside the pleadings *may* be converted to a motion for summary judgment." *See* ECF No. 4, Standing Order at 4 (citing Fed. R. Civ. P. 12(d)) (emphasis added). Also, even though a court does not generally consider materials outside the complaint on a Rule 12(b)(6) motion, the conversion rule need not be triggered, however, when a court considers "the facts alleged in the complaint, documents . . . incorporated by reference in the complaint . . . or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the

4

defendant in a motion to dismiss" and may also consider public records. *Slate v. Pub. Def. Serv. for D.C.*, 31 F. Supp. 3d 277, 287 (D.D.C. 2014) (quoting *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)). Courts have considered documents attached to motions to dismiss and opposition papers without converting the motion into one for summary judgment when the documents were referenced in the complaint and were central to the plaintiff's claims. *See, e.g., Saunders v. Mills*, 842 F. Supp. 2d 284, 293 n. 2 (D.D.C. 2012) (considered the attachment to Defendant's Motion to Dismiss without converting the motion to one for summary judgment because the attachment was repeatedly referenced in the Complaint and central to plaintiff's claim) (citation omitted); *Pearson v. District of Columbia*, 644 F. Supp. 2d 23, 29 n. 1 (D.D.C. 2009), *aff'd,* 377 F. App'x 34 (D.C. Cir. 2010) (considering on a motion to dismiss several exhibits, including memoranda, emails, and letters, attached to defendant's motion to dismiss, and mentioned at least once in the Complaint). This Court may therefore consider the exhibits, while ruling on Defendant's motion to dismiss without converting this motion to one for summary judgment.

Lastly, Plaintiff has cited no authority in support of the proposition that failure to comply with Standing Order in this particular circumstance—when moving to dismiss or, in the alternative, for summary judgment—warrants the denial of a threshold dispositive motion. Plaintiff's argument on this point is without merit.[1]

---

[1] To the extent the Court deems the summary judgment section of the Standing Order to be applicable in this situation, Defendant respectfully requests, *nunc pro tunc*, that the Court waive compliance with the requirements of Standing Order because the Court need not consider the declaration or *Vaughn* indices in evaluating Defendant's dispositive motion.

**III.    By Failing to Respond to Defendant's Argument on the Merits, Plaintiff Has Conceded That Its FOIA Request Failed to Reasonably Describe the Records Sought Because It Is Too Vague and Overbroad As Well As Non-Compliant with the <u>Department's Regulations.</u>**

By focusing on procedural arguments and remaining almost entirely silent regarding the sufficiency of the FOIA request at issue, Plaintiff's opposition to Defendant's motion effectively concedes the defect. Plaintiff's opposition does not address *any* of Defendant's arguments (*see* Def.'s Mot. at 5-13) relating to Plaintiff's failure to reasonably describe the records sought, the FOIA request being too vague and overbroad to reasonably describe the records sought, and Plaintiff's failure to comply with the Department's regulations; thus, the Court should treat these arguments as conceded. *See, e.g.*, *Hedgeye Risk Mgmt., LLC v. Heldman*, 271 F. Supp. 3d 181, 190 (D.D.C. 2017) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."). Plaintiff's conclusory assertions that Plaintiff does not "concede that its request did not reasonably describe the records it seeks" and its "request concerns a discrete DHS program created less than a year ago, specifies seven specific categories of records, and provides specific search terms to be used," does not amount to a meaningful rebuttal to Defendant's argument. *See* Pl.'s Opp. at 8 n. 2.

Plaintiff does not point to any cases in which similar FOIA requests were deemed to reasonably describe the records being sought. Although suggesting search terms can be helpful, nothing about their inclusion automatically qualifies a request as sufficiently described, and in this instance, the rather generic terms proposed (*see* Compl. at 6 ("Muslim," "Islam," "Race," "Riot,")) increase the ambiguity about what records are being requested. And naturally, expressly disclaiming a concession regarding the insufficiency of the FOIA request is a risky strategy because the opposition to arguments on those merits, if found properly raised, is required to be

included in the opposition to the motion; such intentional silence is a dangerous tactic that can and should prove fatal. *Taylor v. FDIC*, 132 F.3d 753, 763 (D.C. Cir. 1997) (confirmation at oral argument that a party's failure to respond to an argument in opponent's appellate brief was intentional because counsel deemed it "ludicrous" proved "fatal" through concession).

Contrary to Plaintiff's claims, as discussed above, and in Defendant's motion, this motion is properly before the Court because a FOIA request containing a reasonable description of records sought is a precondition to an actionable FOIA claim that an agency is improperly withholding records or failed to timely respond to a FOIA request. Also, Plaintiff is wrong that the subject matter of its request is neither vague nor overbroad and uses specific terms. *See* Pl.'s Opp. at 8, n. 2. Defendant's motion addresses the issues with Plaintiff's FOIA request and the request for "[a]ll records and communications," "including but not limited," and "records of any kind, including" relating to the seven categories identified in the FOIA request, which are in realty topics or questions, not a request for specific identifiable records. *See* Def.'s Mot. at 7-12. In respect to Plaintiff's FOIA request, the request is vague and overbroad because it could potentially include records that contain any mention of the seven categories listed. *See White v. Dep't of Just.*, 460 F. Supp. 3d 725, 762, 764 (S.D. Ill. 2020) (finding that the plaintiff's "request for 'all records in your possession regarding' [himself, thirty-four groups, operations or organizations and forty-eight individuals] did not reasonably describe the records sought."). Courts in this jurisdiction have consistently held that a request fails to reasonably describe the records sought when a requestor seeks any and all records that relate to a subject, *see CNN, Inc. v. FBI*, 271 F. Supp. 3d 108, 112 (D.D.C. 2017) (citing cases), which is the case in this matter. Plaintiff's opposition fails to distinguish these cases.

Further, Defendant also established that the Department has regulations that incorporate the FOIA's "reasonably describes" requirement. Def.'s Mot. at 12-14 (citing 6 C.F.R. § 5.3(b)). Because Plaintiff's FOIA request does not comply with FOIA, it also fails to comply with the applicable DHS regulations. *Cf. Dale v. IRS*, 238 F. Supp. 2d 99, 103-05 (D.D.C. 2002). Plaintiff does not dispute that if the Court finds that Plaintiff's FOIA request fails to reasonably describe the records sought, that it fails to comply with DHS's regulations. *See generally* Pl.'s Opp.

Accordingly, because Plaintiff failed to address Defendant's arguments, the Court should treat Defendant's arguments as conceded and dismiss Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendant's motion, the Court should grant Defendant's motion and dismiss Plaintiff's Complaint.

Dated: May 10, 2022

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Stephanie R. Johnson*
STEPHANIE R. JOHNSON
D.C. Bar # 1632338
Assistant United States Attorney
Civil Division
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for Defendant*